No. 49.—JOSEPH H. SHIVERS, *prochein ami*, &c., plaintiff in in error *vs.* FREDERIC D. PALMER *et al.*, defendants.

[1.] A trustee who fraudulently combines with a third person, to dispose of and appropriate to his own use the trust property, is liable, jointly with that third person, to account in equity to the *cestui que trust;* and that too, although the trustee is not charged· to be insolvent.

[2.] And in such case, the defendants are liable to be sued jointly, in the county of the residence of either.

In Equity, from Carroll Superior Court. Decided by Judge IRVIN, August Term, 1853.

The complainant in this cause, filed his bill, setting forth the following facts and allegations:

That on the twenty-second day of October, 1848, Elizabeth Merrett made a deed of gift of a negro boy, by the name of Jerry, about twelve years of age, to Egbert P. Daniel; in trust for Martha P. Shivers, the wife of said complainant, and the children she then had, or those she might.thereafter have, by her then present or a future husband; free from the control and from the·liabilities of her present or a future husband; to their benefit and behoof forever. That Patrick H., Mary E., Eliza F. and Martha P., are the only children of said Martha P. Shivers. And that said negro boy, by virtue of said deed

Joseph H. Shivers *vs.* Frederic D. Palmer *et al.*

of gift, was received into the possession of said complainant; and worked and managed for the use and benefit of said Martha P. and her children, until the twenty-second day of May, 1851; about which time said negro boy was taken out of the possession of said complainant, by Frederic D. Palmer, of the county of Carroll, in State aforesaid, without the knowledge, approbation or consent of said complainant, or the said Martha P.; and the said Palmer took said negro boy off and sold him for the sum of eight hundred dollars, or other large sum; and appropriated the proceeds thereof, to his own use, actually selling him in payment of his own debts; and this was done in pursuance of a corrupt and fraudulent agreement between said Palmer and Egbert P. Daniel, for the purpose of squandering the proceeds, and appropriating the same to their mutual benefit and advantage—the said Palmer to account to the said Daniel, for one half of the profits of said agreement.   And that said Palmer, by speculation and overtrading, is fast verging upon insolvency, if not already insolvent; and the value of said boy, and the hire thereof, is in great danger of being entirely lost to said *cestui que trusts*, thereby defeating the object of said deed of gift; that said Egbert P. Daniel has been frequently called on by said complainant, to either sue for said negro boy, or to bring said Palmer to an account and settlement, concerning the sale of said negro boy; or to grant the use of his name, as trustee, that an action might be brought for the benefit of his *cestui que trusts;* or to resign his trusteeship, and consent that another, more friendly to his *cestui que trusts*, be appointed in his stead.   And that he would collect the proceeds of the sale of said boy, and buy another negro for the use of his *cestui que trusts;* or put the money at interest, and apply the legal interest to their use and benefit; all and each of which, the said Daniel refuses to do.   And said complainant, *prochein ami*, as aforesaid, has been deprived of the use, hire and service of said boy, which he alleges to be worth, annually, one hundred dollars, from the time he was taken out of his possession, up to the time of filing this his bill, amounting to the sum of two hundred dollars; that said negro

boy was worth eight hundred dollars, when he was taken out of the possession of said complainant. And that said Egbert P. accepted the trusteeship under the said deed of gift, and that he only holds on to it, to carry out the aforesaid fraudulent and corrupt agreement, and to defraud his *cestui que trusts*, in that behalf; and that said complainant has frequently called on said Frederic D. Palmer, to come to a settlement with the said Daniel, concerning the proceeds of the sale of said negro boy; and upon the said Daniel to have him to do so, and that he would invest the proceeds thereof, in such a manner, that his *cestui que trusts* might enjoy the use and benefit of the same : that he would purchase another negro, that they may enjoy the use and hire thereof; but the said defendants, in violation of the rights of said *cestui que trusts*, hitherto wholly refused and still do refuse. And that said complainant has no interest in the matters and things in this bill contained, and if he has, that he has rendered in writing all interest therein; and that he has given bond and security, in compliance with the Rule of Court. The prayer of the bill, is as follows :—
That a decree be passed by this Honorable Court, compelling the said Frederic D. Palmer, of the county of Carroll, and Egbert P. Daniel, of the county of Spalding, to come to a settlement, concerning the sale of said boy; that they pay over to complainant the value and hire of said boy, to wit, eight hundred dollars for the value of said boy, and two hundred and sixty dollars for the hire thereof; or that said Egbert P., after bringing said Frederic D. to a settlement, purchase another negro slave and deliver to said *cestui que trusts*, to be used by said complainant, for their benefit and advantage; and that he resign his trusteeship, and that another may be appointed by this Honorable Court; or that he put the amount of money so realized at interest, and apply the legal interest to the use and benefit of his *cestui que trusts*, and that he give bond and security for the same; and to grant such other and further relief as may seem reasonable and just.

To this bill, the following demurrer was filed :

First, that said defendants demur to said bill, and for cause

of demurrer, show that said complainant hath not, by his bill, made such a case as to entitle him, in a Court of Equity, to any discovery, relief and settlement, of the said defendants—there is no equity in the bill.    That if the said Frederic D. is liable for any of his acts in relation to the sale of said negro boy, specified in said bill, there is a Common Law remedy as to him.    And for further cause of demurrer, these defendants say, that said complainant's bill of complaint is multifarious; for it appears by said bill, that the same is exhibited against the said Egbert P., as trustee, and Frederic D. (individually) which the said Frederic D., is not in any way, whatever, interested in; and by reason of which distinct matters, the said plaintiff's bill is drawn out to considerable length, by joining distinct matters, which do not depend upon each other; that said Frederic D. has nothing to do with the trust estate, or dismissing and appointing a trustee.    And for further cause of demurrer, these defendants say there is a misjoinder of parties by said bill—there being no privity between said Palmer, and Daniel, as trustee, and are not liable to be sued jointly; and the said Daniel, who resides in the county of Spalding, compelled to answer in the county of Carroll.    Whereupon, the Court, after argument, sustained the demurrer, upon three grounds, to wit: First, because said bill did not state that it was exhibited by the consent of said Martha P. Shivers. Second, because said bill did not charge that Egbert P. Daniel was insolvent.    And, Thirdly, because the bill did not make such a case as would authorize the interference of a Court of Equity, in Carroll county.    The complainant amended his bill, as to the first ground, and refused to amend as to the second; and the Court dismissed the bill on the second ground alone—to which complainant excepted.

POWELL, for plaintiff in error.

Points and authorities relied on by counsel for plaintiff in error.

1st. Where a trust fund is in danger of being wasted or misapplied, a Court of Equity will interfere at the instance of any one interested, and by the appointment of a receiver, or in some other mode, secure the fund from loss. (10 *Ga. R.* 274.)

2d. If a trustee omits to act, when required by duty to do so, or is wanting in necessary care and diligence, in the due execution of the trust he has undertaken, a Court of Equity will interfere. (*Ib.*)

3d. Creditors and heirs, as a general rule, can only sue third persons, through the representative of the estate. The exception is where there is collusion, insolvency, unwillingness to collect the assets when called on, or some like special circumstances. (8 *Ga. R.* 236.)

4th. If a trustee disavows the trust, and appropriates the trust property to his own use, the Statute of Limitations will commence to run in his favor. (10 *Ga. R.* 297. 8 *Ga. R.* 97.)

5th. Property wrongfully purchased, with the trust funds, may, at the option of the *cestui que trust*, be preserved in the the hands of the trustee, or those in privity with him, and be held subject to the terms of the original trust. (*Ga. Decisions, Part 1st,* 109.)

*By the Court.*—NISBET, J., delivering the opinion.

[1.] The demurrer was sustained, on the single ground, that the bill does not charge the *insolvency* of the trustee. This is not the case of a *cestui que trust*, the legal estate in whose property, is in the hands of a trustee, seeking to collect in a debt, or interest due, or belonging to the trust estate, over the head of the trustee. The bill charges a tortuous taking and disposition to his use, of the trust property, by the trustee, in fraudulent confederacy and combination with a third person.— And it avers, that the trustee had been requested to sue for and recover from that third person, the value of the property and its hire, and that he refused so to do; and that he had been requested to permit the complainants, who are the *cestui que*

*trusts,* to use his name for that purpose ; which he had declined to do. It is filed against the trustee and his confederate, for an account, &c. The averment of his insolvency, in such a case, was unnecessary. He is liable in Equity, having repudiated the trust to the complainants. The charge of confederacy and fraudulent combination makes both defendants liable.

[2.] They are jointly liable ; and being so liable, are jointly suable in Equity, in the county of the residence of either.—This is the whole of the case made in the record; although other points were ingeniously argued by counsel.

Let the judgment be reversed.