## MANNING *vs.* MANNING, guardian, *et al.*

1. A party cannot discontinue a suit brought by counsel at her instance without paying fees, but counsel may go on and prosecute for fees; it follows that an administrator cannot do what the party herself could not, and therefore the administrator may be made a party for the benefit of counsel, over his objection, he being secured against costs, if security be demanded by him.
2. In charges of fraud and defense thereof, much latitude is allowed in introducing evidence; therefore, where a guardian was charged with fraud in procuring another to take his place, the fact that he acted openly and with full knowledge of the family, including the mother of the minor wards, may go to the jury, though such acts be in strictness *res inter alios acta.*

8. A guardian cannot discharge his trust by turning over to his successor debts due to himself individually from that successor; he must turn over the effects of the wards, or money in lieu thereof, or solvent notes well secured on third persons, if the estate of the wards has passed into such paper, and if he take a receipt from the second guardian in full of the effects of the ward when he has not in fact turned these effects over, but collected his own individual debt by the settlement, and the successor became insolvent and unable to respond to the wards, the first guardian will be held bound in equity, for the effects of the wards which came into his hands, but never passed legally out of them to his successor.

Attorney and client. Evidence. Guardian and ward. Before Judge GRICE. Houston Superior Court. November Term, 1877.

Reported in the opinion.

B. M. DAVIS; S. HALL, for plaintiff in error, cited as follows: Administrator could not discontinue, Code, §§3431; 2 *Ga.*, 475; Code, §1989; 58 *Ga.*, 132; 56 *Ib.*, 279; 18 *Ib.*, 374. Evidence irrelevant, Code, §3756. On settlement of guardian, Code, §2330; 14 *Ga.*, 342; 19 *Ib.*, 130; Code, §§2322, 2329, 2333; 51 *Ga.*, 180, 35; 2 Sim. & St., 205; Lewin on Trusts, 456, 458; 2 Spence Eq. Juris. 374–85; 58 *Ga.*, 500; 12 Peters, 221, 230; 1 East, 48; 26 *Ga.*, 568; Code, §§1913, 2205; Benj. on Sales, 547–48; 2 Spence, 194, 875; Code, §3151; 14 *Ga.*, 342; Lewin on Trusts, 846–7; 4 Madd. Ch., 353; Code, §§1840–48, 1812, 1829, 1833, 2330; 39 *Ga.*, 101; 8 *Ib.*, 241–4; 27 *Ib.*, 447–8–50; 38 *Ib.*, 304.

C. C. DUNCAN, for defendants, cited as follows: Administrator could refuse to be a party, Code, §3263; Equity Rule, 6; 29 *Ga.*, 219. Evidence admissible, Code, §3756; 27 *Ga.*, 444. Guardians and their settlement, Code, §1848; 53 *Ga.*, 282; Code, §1812; 50 *Ga.*, 334.

JACKSON, Justice.

This bill was brought by B. F. Manning, for himself and as next friend for his minor sister, Nora, against their guar-

dian, Willoughby Manning, and the executors of Madison Marshall, their former guardian, alleging that the present guardian was in arrears a large amount, and that, in equity, the former guardian was liable to account to them also, because he had procured the appointment of the last guardian, and had not turned over any of the property or effects of the wards to him, but that the last guardian being indebted to him, he had paid that debt due to himself by turning over the note, and other evidence thereof, to the last guardian, who receipted for the amount as effects of the wards, and had thus procured the payment of a doubtful debt to himself.

1. Pending the suit, Nora intermarried with Manning, a son of the last guardian, and died; and this Manning, her husband, administered upon her estate, but declined to prosecute the suit. Whereupon complainants' counsel insisted upon their right to make him a party, at least so far as to enable them to go on for fees. The court denied them this right, and this is the first error assigned. Upon indemnifying him, the administrator, for costs, we think that counsel had this right. The act of 1873, Code, §1989, confirms it in very strong terms. The court should have required them to secure the administrator from all danger of having to pay costs, if desired, and then it should have ordered that he be made a party. The right of counsel to go on for fees, if the party had lived, notwithstanding her own wishes, was ruled in 56 *Ga.*, 279, and 58 *Ib.*, 132, and if the party herself could not defeat the right, it is difficult to see how her administrator could do so by refusing the mere use of his name.

2. During the course of the trial, certain witnesses were offered to show the *bona fides* of the first guardian, Marshall, in giving up his trust, by proving that he went to the mother of the wards, or she to him, and that she wished it done, and that Willoughby Manning should take the guardianship. In reply to the charge of fraud upon Marshall, in changing the guardianship, the testimony that he acted

10

openly and with knowledge of the family of the wards, although *res inter alios acta*, was perhaps allowable.  At all events, we would not reverse the superior court for such ruling.  To answer or defend in cases of fraud, the courts go considerable lengths in admitting evidence. 27 *Ga.*, 449.

. 3. But the real question in this case is, whether the guardian first appointed could relieve himself of liability by turning over to his successor, not the money of the wards, nor notes of the wards on solvent third persons, but by simply giving to the second guardian, nothing at all of the property of the wards,˙ but the second guardian's own notes due individually to the first guardian. We think that such a transaction cannot stand in a court of equity ; that it would admit of too much opportunity for fraud to suffer it to stand.  The principle prohibiting such conduct was in effect ruled in 48 *Ga.*, 500, where it was held that a promise by a trustee to allow his personal debt as a credit upon a note held by him as trustee, was not binding, and though the personal debt became barred from failure to sue on account of this promise, it could not be set up in bar to the suit on the note by the trustee.  The case at bar is as bad, to say the least ; for the guardian settled with his successor, by collecting his own debt out of him ; and turning over to him nothing that belonged, or ever did belong, to the wards.

The general principle is laid down in the Code, §3151, that all persons aiding trustees in misapplying trust funds are responsible equally with the trustee.  This guardian, Marshall, not only aided Manning in receipting for this estate of these wards, when he did not receive it, but thereby got a debt Manning owed him paid, which probably would have been lost but for this transaction.  See further, 2 Spence's Eq. Jurisprudence, 374 to 385 inclusive ; 12 Peters, 221–230 ; 2 Sim. & St., 205 ; Lewin on Trusts, 456, 458, 846, 847 ; 4 Maddox Chan. R., 353, cited by plaintiff in error ; also Code, §§2332, 3333 ; 14 *Ga.* 342 ; 19 *Ib.*, 190.

The charge  therefore, that the guardian, Marshall, could

discharge himself by paying to the newly appointed guardian notes on the newly appointed guardian held by himself individually, was wrong, and the judgment is reversed.

Judgment reversed.