## DODGE *v.* HATCHETT.

1. It is the duty of an agent to keep his accounts in a regular manner and to be always ready with them, supported by proper vouchers, whenever an accounting is reasonably requested.
2. When property has been delivered to an agent to sell and account for the proceeds, in a suit by the principal for an accounting, after it has been shown that the property delivered to the agent has been sold, the burden of proof is upon the agent to show either that he has accounted for the proceeds, or some sufficient reason why he has failed to do so.
3. Applying the principles above stated to the present case, the errors in the charge of the judge were of such a character as to require the granting of a new trial.

Argued .October 13, — Decided November 3, 1903.

Attachment.　　Before Judge Hodges.　　City court of Macon. July 7, 1903.

*Hardeman, Davis, Turner & Jones*, for plaintiff.
*John R. Cooper*, for defendant.

COBB, J.　Dodge sued Hatchett, alleging that he delivered to the defendant, in trust and to be sold for the account of the plaintiff and the proceeds returned to him, certain personal property consisting of horses, mules, a saddle and bridle, all of the value

of $850; that the defendant sold and disposed of the property and has accounted to plaintiff only for the sum of $435; that plaintiff has demanded of the defendant the remainder of the proceeds, which he fails and refuses to pay over. It is alleged that by reason of these facts the defendant is indebted to plaintiff in the sum of $415, besides interest. The defendant answered, admitting that the property had been delivered to him as alleged, but denied that it was of the value alleged, and set up that the amount paid to plaintiff and the expenses incurred in taking care of and selling the property amounted to more than its value. He also denied that any demand had been made upon him, or that he was indebted to plaintiff in any sum whatever. The trial resulted in a verdict for the defendant; and the plaintiff's motion for a new trial having been overruled, he excepted.

The theory of the plaintiff's case, as indicated by his petition, was that the defendant was his agent to sell and account. There was evidence for the plaintiff tending to show that this was the true relation between the parties. If such was the case, it was the duty of the agent to keep and render to his principal an account of all receipts and disbursements, and, whenever reasonably requested to do so, to make and present to his principal a full and complete statement of his dealings and the state of the account between them. See Civil Code, § 3007; 1 Am. & Eng. Enc. L. (2d ed.) 1086, 1089; Mechem, Ag. §§ 522, 528; Reinhard, Ag. § 245.

In a suit against such an agent, after the plaintiff has shown the agreement between them creating the agency, that the property was delivered to the agent, and that the same has been sold, the burden is shifted to the defendant to discharge himself by showing that no such agreement existed, or that the property was never delivered, or that he has fully accounted, or some other reason why he should not be held liable to the plaintiff. See *Lee* v. *Clements*, 48 *Ga.* 128; *Oliver* v. *Hammond*, 85 *Ga.* 329 (2); *Thomas* v. *Funkhouser*, 91 *Ga.* 478. The judge charged the jury, in effect, that the plaintiff carried the burden of proof throughout the case, and failed to charge that the burden would be shifted under the circumstances above stated. We think this was such an error as to require the granting of a new trial, under the facts of this case. Even if the defendant's evidence was of such a character that the

jury might have found that he relieved himself from liability to the plaintiff, still the error requires a reversal of the judgment, for the reason that the evidence was conflicting at many material points, and the plaintiff was entitled to have the theory of the case as indicated by his evidence submitted to the jury.

*Judgment reversed.  All the Justices concur.*