Chicago Title & Trust Co. v. Ward.

Foreclosure proceeding.   Error to the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1903.   Affirmed.   Opinion filed March 18, 1904.

WILLIAM C. PARKER, for plaintiffs in error.

GREGORY, POPPENHUSEN & McNAB, for defendant in error; CONRAD H. POPPENHUSEN, of counsel.

---

## Chicago Title & Trust Company, Admr., v. William Ward.

### Gen. No. 10,940.

1.  PROMISSORY NOTE—*what does not establish want of consideration for.*   Held, from particular evidence, that want of consideration for the note in suit was not established.

2.  WANT OF CONSIDERATION—*what essential to establish.*   A promissory note constitutes a deliberate acknowledgment of a valid indebtedness for an adequate consideration, and the defendant in order to show

a want of consideration therefor, must establish such defense by a preponderance of the evidence.

3. WANT OF CONSIDERATION—*burden of proof to establish.* Where a claim is made against a deceased's estate upon a promissory note duly executed by the deceased, the burden of proof is upon his administrator to show that no debt exists.

4. AGENT—*duty of, to keep books.* It is the duty of an agent to keep and preserve true and correct accounts between himself and his principal and to furnish such principal with detailed and itemized statements of receipts and expenditures.

5. INSTRUCTION—*must not be argumentative.* The ensuing instruction is argumentative, and, therefore, properly refused : "The jury are further instructed that in passing upon the question whether or not James Dunn, at the time of his death, was indebted to William Ward, they have a right to consider the financial condition of the two named persons at or about the time such supposed indebtedness was incurred, if the same has been shown by the evidence, and also whether or not said James Dunn was a person prompt to pay his debts, prudent, careful and not desirous of being in debt, if the same has been shown by the evidence."

Contested claim against deceased's estate. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed March 18, 1904.

JOSEPH WRIGHT, for appellant.

ELMER H. ADAMS, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellee filed in the Probate Court of Cook County against the estate of James Dunn, deceased, of which appellant is administrator, his claim based upon two promissory notes signed by the deceased and each reading as follows :

"$3,879.00.                    CHICAGO, April 1, 1898.

Six months after date I promise to pay to the order of William Ward thirty-eight hundred and seventy-nine dollars at the Dunn building, Jackson boulevard, Chicago, value received, with interest at the rate of six per cent per annum. Due September 30th, 1898.

JAMES DUNN."

The Probate Court disallowed the claim. Upon appeal

to the Circuit Court there was a trial by jury and verdict and judgment for $7,758, from which this appeal has been taken.

At the time of his death, November 19, 1898, James Dunn was eighty-four years old. Appellee had married Dunn's adopted daughter. They were both Englishmen. Dunn had known appellee since the latter was fourteen years of age. When living in Chicago their friendly relations were strengthened. Dunn manufactured brick; appellee was in the laundry business. Having acquired considerable property and owning a lot on the corner of Clinton street and Jackson boulevard, in Chicago, Dunn, in the summer of 1895, began the erection thereon of a large manufacturing building. A man of little education and not versed in the keeping of accounts or the carrying on of correspondence, he entrusted to appellee the superintendence of the construction of the building. Accordingly, appellee gave the building what time he could spare from his laundry business, employed architects and workmen, made contracts with material men, purchased machinery, coal and other articles he deemed necessary, paid bills for material and labor, and after the completion of the building had charge of it and of Dunn's men employed in and about the same.

At the trial appellee rested on the production of the notes and proof of their signature. To prove the defense of want of consideration, appellant called appellee as its witness, and he testified that soon after the building began Dunn became short of money, and he, appellee, made advances to him from time to time; that he managed the whole business of the Dunn building, and had kept a private book of his own known as book "B," which contained a record of the transactions relating to the large sums of money he paid out for Dunn and showed all the sums so paid out. The book, he said, "contains all the items which go to make up these two notes." Appellee testified further that the notes in suit were based on other notes that the deceased had given him which contained everything due him at the time "as they went along;" that there was a "lot

of these notes given and brought down to two to simplify the matter;" that if there "were two or three or four similar amounts, say $1,000 each, they were transferred from three or four to one;" that he never collected or was. paid any of the notes. One of these notes was for $4,765. It was dated October 1, 1897, and being payable in six months thereafter, fell due on the day of the date of the two notes sued on. After Dunn's death this note was found among his papers. The entries in the book cover a period of several years. During that time as appellee says, he "received from Mr. Dunn many thousand dollars. I didn't give him credit on any of these accounts I rendered him as it was not a cash account; it was an expense account. * * * There is no cash credit on any of these accounts, these are all charges. * * * Book 'B' shows most of the items of money paid to me by Mr. Dunn. * * * I think this book contains all the moneys which Mr. Dunn paid me and which were to have been applied on the Dunn building."

It is now contended as it was in the trial court, that the notes in suit are without consideration because appellee failed to give Dunn credit for many sums of money received from him and that taken together these sums are sufficiently large to wipe out the aggregate amount of the notes. The argument is that inasmuch as appellee's book contains all the items which made up the notes and as he claims—it is said—to have entered in it all moneys received from Dunn, thereupon, its being made to appear that he received moneys which he did not enter, such moneys, if large enough in the aggregate, must be deemed as conclusively showing a want of consideration for the notes. The argument is not convincing for two reasons. In the first place, appellee did not testify that he gave credit for all items. On the contrary, the gist of his testimony in this regard is that the book was in the main a charge book and not a credit book. But even were his testimony as claimed, there is proof tending to show that the notes were given in accord and satisfaction, in settlement of prior notes and

demands. Appellee so testifies, and as we have seen, the note for $4,765, found among the effects of the deceased, matured on the very date of the notes sued on.

Much stress is laid upon divers dishonest transactions upon the part of appellee alleged to have been disclosed by his method of keeping the accounts and by extraneous proof. Conceding all this, still we cannot say that the defense of want of consideration has been shown, as it must be, by a preponderance of the evidence. There is no proof whatever that the deceased was inveigled or deceived into signing the notes or any of the preceding one or that he did not know or fully understand what he was doing when he signed them. On their face they constitute a deliberate acknowledgment of a valid indebtedness for an adequate consideration. The jury found the defense not proven; the learned trial judge approved their verdict, and after a careful examination and consideration of the proof and the arguments of counsel we. cannot say that it is against the evidence.

Counsel contends, what is no doubt true, that it is the duty of an agent to keep and preserve true and correct accounts between himself and his principal, and to furnish him detailed and itemized statements of receipts and expenditures. The statements must be of such a character as to enable the principal to make some reasonable test of their honesty and accuracy. But this suit is not brought upon an open account. By signing the notes the deceased admitted the debt, and the burden is upon his administrator to show that no debt exists, and not upon appellee to show that it does.

Complaint is made of the refusal by the court of the following instruction :

" The jury are further instructed that in passing upon the question whether or not James Dunn, at the time of his death, was indebted to William Ward, they have a right to consider the financial condition of the two named persons at or about the time such supposed indebtedness was incurred, if the same has been shown by the evidence, and also whether or not said James Dunn was a person prompt

to pay his debts, prudent, careful, and not desirous of being in debt, if the same has been shown by the evidence."

In support of his contention counsel cites Thorp v. Goewey, Admr., 85 Ill. 611, which holds that where a claim on a note is made against an estate it is, under certain circumstances, proper to show the financial condition of the payee and holder. Such proof was received in the case at bår; but the case cited is no authority for the giving of the refused instruction. On the contrary it is in accord with many others decided by the Supreme Court when they say, (p. 615) what is strikingly true of the instruction before us, that it is " more in the nature of an argument to the jury, giving prominence to the facts upon which appellee relied, than a statement of a principle of law applicable to the facts of the case."

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice BAKER having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.