Moyer *v.* Norristown-Penn Trust Co., Appellant.

Argued January 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Earl G. Harrison,* with him *Henry I. Fox* and *Saul, Ewing, Remick & Saul,* for appellant.—Plaintiff was so negligent in failing to give notice of the forgery in order to afford defendant bank that fair opportunity of protecting itself to which, under the law, it was entitled that she and not defendant should suffer the loss in this case: Iron City Nat. Bank v. Bank, 159 Pa. 46; Marks v. Bank, 252 Pa. 304; Lesley v. Ewing, 248 Pa. 135; Connors v. Bank, 245 Pa. 97; McNeely Co. v. Bank, 221 Pa. 588; Murray v. T. Ins. & Tr. Co., 39 Pa. Superior Ct. 438; Schwarz v. Bank, 283 Pa. 200.

The trial judge clearly erred in charging that defendant was put on notice of the forgery by reason of the fact that it was committed by plaintiff's husband, who was assistant treasurer of defendant bank: Thurston v. Assets Realization Co., 58 Pa. Superior Ct. 99; First Nat. Bank v. T. & T. Co., 251 Pa. 529; Dominion Trust Co. v. Hildner, 243 Pa. 253; United I. & T. Co. v. Bank, 185 Pa. 586; Nat. Fire Ins. Co. v. Bank, 276 Pa. 212; Sheaffer's Est., 27 Pa. Dist. R. 653.

So far as the principle of discharge by payment is concerned, there is no difference between the duty of a trustee to see that money belonging to the cestui que trust gets to the cestue que trust and the duty of an ordinary debtor to see that money gets to his creditor.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra* and *Samuel H. High,* for appellee.—Plaintiff did not know of the forgery until after January 1, 1926, when defendant bank actually knew of it, so there can be no negligence or estoppel charged against her: Morris v. Bank, 283 Pa. 203.

The acts of Moyer, the assistant treasurer of defendant bank, in paying off the bonds, were within his actual authority and therefore the acts of the bank itself. The forgery was a part of this transaction and therefore the bank had notice at the time of the forgery: Ziegler v. Bank, 93 Pa. 393; Steckel v. Bank, 93 Pa. 376; Gonder v. Bank, 259 Pa. 197; Comp v. Bank, 94 Pa. 409; United S. Life Ins. v. Bank, 185 Pa. 586; Gunster v. Heat & Power Co., 181 Pa. 327.

OPINION BY MR. JUSTICE WALLING, February 11, 1929:

In 1910, the Montgomery County Gas Company gave its mortgage to the Norristown Trust Company, now Norristown-Penn Trust Company, the defendant, as trustee, to secure an issue of bonds. The plaintiff, Mrs. Mary T. Moyer, became owner of thirty-one of these bonds, each of the par value of eighty dollars. Her husband, W. R. Moyer, was assistant treasurer of the defendant company and she kept these bonds, with other securities, in a safety box which he had as a family box in the vault of this company. In 1923, the gas company decided to call in this issue of bonds and paid over to the defendant trustee approximately $500,000 for that purpose, of which decision published notice was given. Plaintiff neglected to present her bonds for redemption, and in the fall of 1924 her husband took them from the

box, both he and his wife having access thereto, and as assistant treasurer of the defendant drew its check payable to her order for $2,480, ostensibly in payment therefor, upon which he endorsed her name, also his own, credited the same to his account and later checked it out as his own. In October, 1925, it became known that the husband was a defaulter to the defendant and he was punished as such. It was then Mrs. Moyer discovered that her bonds had been removed from the safety box, and in January, 1926, that Moyer had endorsed her name on the defendant's check received for the same. This suit, brought to recover the value of the bonds, resulted in a verdict and judgment for plaintiff and defendant has appealed.

Despite the very able presentation of the appeal, we find no ground for reversal. The marriage relation does not constitute the husband an agent for the wife or authorize him to sign her name to obligations relating to her separate estate. One who asserts an agency must prove the authority of the agent to do the act in question. See Fidelity T. & T. Co. v. First N. Bk. of Spring Mills, 277 Pa. 401. Here the defense fails; for plaintiff positively denies that her husband had any authority, express or otherwise, to dispose of her bonds or to sign her name to the check received therefor and there is no sufficient evidence to the contrary. The only circumstance is that he had sometimes endorsed her name on small checks for the sole purpose of deposit in her separate account and then returned the deposit slips to her; also that he had on one or more special occasions assisted her in making investments. That gave him no authority to endorse her name on the check in suit. See Califf v. First Nat. Bank, 37 Pa. Superior Ct. 412.

It is strenuously urged that plaintiff was guilty of such delay in notifying the defendant of the alleged forgery of her name on the check as to bar her right of action. The rule requiring a depositor to give the bank prompt notice of the forgery of his check is well settled,

but does not govern this case. In the first place, waiving the fact that the check had been forged by its officer, other officers of the defendant had knowledge before plaintiff that the endorsement on the check was not her signature. Mr. Ganser, who was acting for plaintiff, on seeing the check in January, 1926, at once so informed the officers and then conveyed the same information to Mrs. Moyer. She testified that he gave her the information and his testimony fixes the time, as to which she was not clear, and there is no contradiction of his testimony.

Furthermore, the defendant was trustee for all the bondholders and they, including plaintiff, were beneficiaries: 3 Fletcher, Cyclopedia Corporations, section 1337, p. 2312. Trustees for bondholders are governed by the general rules that govern trustees in the ordinary performance of the duties of a trust: 2 Perry on Trusts and Trustees (6th ed.), section 760. In no event could a trustee avail himself of the negligence of the cestui que trust without proof that he had sustained loss thereby, of which there was no evidence in the instant case. Mere delay by the beneficiary in requesting payment from the trustee will not relieve the latter: Kittel's Estate. 156 Pa. 445; Bruner v. Finley, 187 Pa. 389. The duty of vigilance is upon the trustee rather than upon the cestui que trust. It was defendant's duty to see that the consideration for plaintiff's bonds was paid to the right party. In the Fidelity Trust Company, Guardian, v. Isaac Norris, 17 Phila. 258, Judge THAYER held that a trustee could not be relieved by a mistaken payment made in good faith to the wrong party. In 39 Cyc. 431, the rule is stated thus: "In executing the trust, the trustee should not make unauthorized payments, and where he does make a payment to a person not entitled, he is personally liable for the ensuing loss."

The defendant's assistant treasurer in drawing the check was acting within the scope of his authority and nothing appears to relieve it from liability for his fraud-

ulent misappropriation of the proceeds. Plaintiff is not precluded from recovery because she kept the bonds in a box to which her husband had access. She was not bound to distrust one who was her husband and also a trusted officer of the defendant. Hence, judgment should have been directed for plaintiff and we need not consider the alleged errors in the charge to the jury. See Trust & Safe Deposit Co. v. White, 206 Pa. 611.

We cannot consider the complaint as to the time from which the trial judge instructed the jury to compute interest, as no mention is made thereof in the statement of questions involved.

The judgment is affirmed.