MERRITT *v.* GEORGE, receiver, *et al.*

No. 7034. MAY 15, 1929.

*Waller Merritt,* for plaintiff in error. *E. H. George,* contra.

HINES, J. In a proceeding in equity in Morgan superior court Merritt was appointed receiver of Sugar Creek Drainage District No. 1 of Morgan County. He was afterwards removed, and George was appointed receiver in his stead. In the order removing Merritt he was required to file a report showing his receipts and expenditures. On July 28, 1928, Merritt filed his report. George, as receiver, filed objections to said report. The issue so formed was, by consent, heard by the judge of the superior court, without the intervention of a jury. The judge rendered judgment finding that Merritt, as receiver, was liable to account to George, as receiver, in the sum of $2,354.63, with interest at 7 per cent. per annum from September 1, 1927. The present writ of error was sued out to review this judgment and certain rulings of the court leading up to its rendition. Upon the filing of objections by George, as receiver, to the report of Merritt, as former receiver, the court passed an order on October 12, 1928, providing that the issues raised by said objections be heard before the court on Oc-

tober 23, 1928, at Greensboro, Georgia, at the court-house; that Merritt have until that date to complete his report and to meet objections as to its incompleteness; and that as he was then a resident of Greene County, Georgia, the sheriff of said county serve him instanter with a copy of this order. Merritt was personally served with a copy of said order on October 13, 1928, by a deputy sheriff of Greene County. On November 15, 1927, George, as receiver, filed his separate proceeding to have Merritt adjudged in contempt of court for his failure to file a report of his actings and doings as such receiver, as required by the order of the court of July 30, 1927. On this proceeding a rule nisi was granted, calling on Merritt to show cause why he should not be attached for contempt. The petition and order in this proceeding were served on Merritt personally on November 15, 1927, by the sheriff of Morgan County. On December 10, 1928, Merritt filed a plea in which he alleged that the court should not take further cognizance of this case until he was served as provided by law; that at the commencement of this complaint and the order thereon on the —— day of October, 1928, and since that time, he has resided in Early County, and is now a resident of said county, and is not a resident of the County of Greene as alleged in said proceeding, and should not be forced to answer said attachment until served as provided by law. On the hearing of the issues raised by the objections filed by George, as receiver, to the report of Merritt, as former receiver, the court dismissed the above plea, and Merritt excepted.

1. As the plea filed by Merritt was to abate the attachment proceeding and not to abate the proceeding in which the objections to his report as former receiver were being tried, the court did not err in dismissing said plea so far as the latter proceeding was concerned; and the dismissal of such plea as to the latter proceeding does not require a reversal of the judgment.

2. On July 28, 1928, Merritt filed his report as former receiver, purporting to show his receipts and expenditures as such officer. On October 12, 1928, George, as receiver, filed his objections to said report. Merritt orally moved to dismiss the objections, upon the ground that they were not filed within the time prescribed by law. The court overruled the motion to dismiss, and Merritt excepted. There is no law in this State prescribing the time in which objections to a receiver's report may be filed. It follows that

the court did not err in overruling the motion to dismiss the objections to the receiver's report in this case, the report having been filed on July 28, 1928, and the objections thereto having been filed on October 12, 1928.

3. On December 13, 1928, during the December term, 1928, of Morgan superior court, John F. Carey presented to the judge a receipt signed by him, in which he acknowledged the payment by Merritt of a claim for railroad and sleeping-car fares to and from Miami, Florida, amounting to $64.70, and seven days time and expenses of meals amounting to $76.10, making a total of $140.80. The judge made an entry on this voucher of the date of its receipt, and placed it with the papers in this case. The judge in a note to the bill of exceptions certifies that he did not consider this receipt in rendering the decision in this case. Merritt excepts to this transaction, on the ground that said voucher was presented to the court at a time and place other than the time set for the hearing of this case, without his knowledge, and that he had no notice of the same being filed until judgment had been rendered by the court and returned to the clerk's office of Morgan superior court, and no opportunity to contest said voucher. This transaction furnishes no ground for a reversal of the judgment, first, because the court did not consider this voucher in rendering his decision; and second, because if he had, his action would have been favorable to Merritt.

4. The hearing of this proceeding was set for December 3, 1928, and was continued from day to day until December 6, 1928. On the latter date the testimony of Sharp Cochran, a witness for the objector, was taken. Merritt in the present writ of error excepts to the taking of this testimony, on the ground that he was not notified, did not consent to the same, and was deprived of his right to cross-examine the witness. In a note to the bill of exceptions the judge certifies that, while Merritt was not present at the time this testimony was taken, no legal reason was shown to the court why he was not present and why the taking of this testimony should not proceed. On the same day the court passed an order reciting that a certificate had been presented to the court that Merritt was unable to attend the hearing set for that day, and continuing the hearing until December 10, 1928. Under a proper view of the facts appearing, the testimony of this witness was taken before the

judge was presented with a certificate that Merritt was sick and unable to attend, and before the granting of the order continuing the hearing until December 10, 1928. In these circumstances it was not erroneous to take the evidence of this witness, no cause being shown, at the time this was done, why Merritt was not present at the hearing that day as fixed by the previous order of the court. Furthermore, this evidence was reported by the official stenographer, and filed with the court on the day of the hearing; and Merritt should have then urged any objection he had to the taking of this testimony, and should not be permitted to raise this objection to the manner in which this testimony was taken after the court had rendered final judgment against him.

5. This case was submitted by the consent of the parties to the judge, without the intervention of a jury; and he rendered judgment against Merritt as hereinbefore set out. Merritt excepts upon the ground that this judgment is contrary to "the law and the evidence in said case." It is the duty of receivers to keep their accounts in a regular manner, and to be always ready with them supported by proper vouchers. Civil Code (1910), § 3579. When a receiver is called upon for an accounting, the burden is upon him to support his claim for expenditures by proper vouchers, or to show some sufficient reason why he can not do so. *Dodge* v. *Hatchett,* 118 *Ga.* 883 (45 S. E. 667). Applying the above principles, the judgment of the court can not be held to be contrary to the law and the evidence, the receiver having failed to support his claim for expenditures by proper vouchers or other evidence, or to show any satisfactory reason for his failure so to do.

*Judgment affirmed. All the Justices concur.*