## PENNSYLVANIA TRUST CO. v. BILLMAN et al.

## BILLMAN et al. v. PENNSYLVANIA TRUST CO.

### Nos. 4722, 4727.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1932.

Cyrus G. Derr and H. F. Kantner, both of Reading, Pa., for Pennsylvania Trust Co.

Percival H. Granger, of Philadelphia, Pa., Robert G. Bushong and Samuel E. Bertolet, both of Reading, Pa., and Reber, Granger & Montgomery, of Philadelphia, Pa., for George W. Billman and another.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

Both parties appealed in this case from a decree of the District Court sustaining in part and overruling in part exceptions to the findings of the special master.

The Schwartz Motor Truck Corporation was in poor financial condition in the summer of 1923, and so on September 30th of that year it stopped its business of assembling motortrucks, and later leased its plant in Reading, Pa., to the Clinton Motors Corporation for five years from November 1, 1923, and thereafter did only a small business of repair jobs.

On December 20, 1923, it made an assignment to the Pennsylvania Trust Company for the benefit of creditors. The trust company accepted the assignment on December 24, 1923, and agreed to act as assignee. Attached to the assignment was a lengthy inventory of the assets of the corporation. The assignee thereupon authorized Mr. George H. Behm, treasurer of the Schwartz Motor Company, to handle the assigned assets, and later permitted him to remove them to his own place of business without any priced inventory thereof. Much of these assets was subsequently sold, but no check of merchandise sold against the unpriced inventory was made. The assignee did not keep a trust account nor proper detailed record, but merely kept a receipt and expenditure account based on slips of paper showing sales and cash receipts which Mr. Behm furnished to it.

These assets were handled and disposed of from December 24, 1923, until October 5, 1925, when the District Court, on the application of Mr. Harry R. Schwartz, appointed receivers in equity who took possession of what assets had not been disposed of and remained in the hands of the trust company.

The receivers appointed expert accountants who examined the records of the Schwartz Corporation and the assignee, but they allege that they found it practically impossible to determine what belonged to the Schwartz Corporation and what belonged to Mr. Behm personally. A bill for an accounting was prepared, but before it was filed an effort was made to secure an adjustment between the receivers and the assignee, but it failed, and the bill containing many charges of negligence against the assignee was then

384

filed. It was referred to a master who held 48 meetings and took voluminous testimony.

He found the assignee guilty of gross negligence in failing to make a priced inventory, in handling trust assets, in delegating its powers to Mr. Behm, in failing to keep proper detailed records, and surcharged it with commissions, conversion of notes receivable, certain expenses, and with about $26,000 on a merchandise account. On exceptions to the master's report, the District Court sustained the master in finding the assignee guilty of gross negligence, in surcharging the assignee with its commissions, conversion of notes and the expenses, but reversed him as to the other items.

The disallowances and surcharges made by the master and affirmed by the District Court were based on the ground that the assignee was guilty of gross negligence in the administration of the assets assigned to it.

This negligence, it is charged, consisted chiefly: (a) In failing to make an inventory and appraisement of the assets delivered to it by the Schwartz Motor Truck Corporation on December 24, 1923, when it accepted the trust; (b) in failing to keep a record of its administration of these assets, and (c) in failing to render a proper account to the receivers in equity.

The receivers, as above stated, made ugly charges against the assignee and the way, if not the only way, by which it could show that these charges were without foundation, and that its management had been free from negligence was by being able to render a full and complete account of the trust which it accepted.

The assignee claims to have been a mere liquidating agent, and as such was not charged with the duties which the receivers are now seeking to impose upon it. The receivers, on the contrary, say that it was a regular assignee for the benefit of creditors under the Pennsylvania Assignment Act of 1901 (39 PS § 1 et seq.).

■ But, assuming that it was a mere liquidating agent, that fact did not relieve it of the necessity of rendering an account to its principal. A liquidating agent must render an account to his principal for all property or funds belonging to his principal which came into his hands by virtue of his agency, and in order to do so it is his duty to keep and preserve and at all proper times be ready to produce true and correct statements, receipts, vouchers, and all other evidence of the administration of the business intrusted to him.

The statements must be of such a character as will enable the principal to make some reasonable test of the honesty and accuracy of his agent's conduct of the business. Schedda v. Sawyer, Fed. Cas. No. 12,443; Dodge v. Hatchett, 118 Ga. 883, 45 S. E. 667; Chicago Title & Trust Company v. Ward, 113 Ill. App. 327; Boyce v. Boyce, 124 Mich: 696, 83 N. W. 1013; Clark v. Moody, 17 Mass. 145; Cushman v. Snow, 186 Mass. 169, 71 N. E. 529; Hartshorne v. Thomas, 43 N. J. Eq. 419, 428, 10 A. 843; 1 Mechem on Agency (2d Edition) § 1334; 2 Corpus Juris, 735.

■ In order to render a correct account, or to enable the principal to test the honesty and accuracy of an account rendered, a priced inventory or appraisement is necessary. The excuse given by the assignee for not having an appraisement made was that the Schwartz Corporation requested it not to do so in order to save time and expense, and assured the assignee that it would not be expected to account, except for receipts and disbursements of money.

■ Where the principal, expressly or by implication, has led the agent to believe that he would not be required to account or that a particular method or kind of accounting would be satisfactory, he cannot complain that the agent has not kept accounts with the strictness which might otherwise have been required, provided he has acted in good faith. Carrau v. Chapotel, 47 La. Ann. 408, 16 So. 873; Hamilton v. Hamilton, 15 App. Div. 47, 44 N. Y. S. 97. But, in the instant case, other parties than the principal were concerned. The creditors were vitally interested. The Schwartz Corporation was in financial trouble, and the assignee had knowledge sufficient to put it upon notice that it might be called upon to render an account of its trust. The assignment was not made and accepted until the creditors all consented. The fact that their consent was sought and obtained is evidence of a recognition that they were parties in interest. When the receivership intervened, the Schwartz Corporation, the principal, passed out of the picture, as it were, and the right to demand an accounting accrued to the receivers representing creditors. It is true that they had consented to the assignment but not to any private arrangement between the Schwartz Corporation and the assignee or to any special kind of inventory and appraisement. Consequently they were not bound by any private arrangement between the principal and agent, and so they had the right to demand a full and complete accounting of the administra-

tion of the property intrusted to the assignee, even though it was a mere liquidating agent. This the assignee was unable to render because it had not made an appraisement of the assets assigned to it.

But, if this was an assignment for the benefit of creditors under the Pennsylvania act, an inventory and appraisement of the assigned assets were admittedly necessary. The bill alleged that "on December 20, 1923, said Schwartz Motor Truck Corporation by assignment in writing duly assigned, transferred and set over to the defendant its successors and assigns, all the right, title and interest of the said assignor in and to" certain specified property, which included all the property belonging to the Schwartz Motor Truck Corporation, except its plant and equipment. The assignee was to dispose of this property, and, after the payment of certain enumerated obligations, was to pay a pro rata dividend to all of the creditors of the Schwartz Corporation. This was admitted by the defendant in its answer, and the fact that certain formalities required by the Pennsylvania statute, regulating procedure in assignments for the benefit of creditors, were not complied with, only indicates "that the defendant was guilty of gross negligence in the administration of the trust" as found by the master, whose finding the learned District Judge said was "amply sustained by the evidence." An assignment of a portion of the property, in an insolvent estate, is deemed under the Pennsylvania act, to be an assignment of the whole estate. Section 2 of the Pennsylvania Insolvency and Assignments Act. 39 Purdon's Pennsylvania Statutes Annotated, page 49.

The assignment contains some provisions which indicate that it was a mere private arrangement between the assignor and assignee for the payment of the assignor's debts with a portion of its property, but other provisions indicate that it was an assignment under the Pennsylvania act for the benefit of creditors. Whatever it was, whether a private arrangement between the Schwartz Corporation, the principal, and the trust company, the liquidating agent, it was an express assignment of some character, and, under the facts of this case, it was the duty of the assignee to make an appraisement when it accepted the assignment. This was the opinion of its president, Mr. H. B. Hagy, who at first refused to accept the trust without an appraisement, but he was later prevailed upon to do so, and that caused the trouble which resulted in this litigation.

Consequently, it was the duty of the assignee, whether a mere liquidating agent for the Schwartz Corporation or assignee for the benefit of creditors, to render a full and complete account of its agency or trust, and, since it did not and could not do so, it brought upon itself the penalty of forfeiting its right to compensation and expenses as the District Court held. In so holding, we cannot say the court erred. Neither can we say that it erred in holding that the receivers failed to establish by competent evidence maladministration resulting in loss to the estate which was necessary before the assignee could be surcharged with the merchandise account and loss which the receivers contend the estate sustained.

For the reasons set forth in the well-considered opinion of the District Court, the judgment is affirmed.