ATLANTA TRUST COMPANY *et al. v.* NATIONAL BOND-
HOLDERS CORPORATION.

No. 12942.   September 15, 1939.

Alston, Foster, Moise & Sibley, and Evins, Quillian & Evins, for plaintiff in error.

Pearce Matthews and Shelton, Farr & Long, contra.

GRICE, Justice. ■ Before the allowance of the amendment, the defendants objected to the petition on the ground that it sought to set forth a cause of action against the trust company for an accounting from April 1, 1926, to the termination of the trust, and an entirely separate and distinct cause of action against the bank for participating in the alleged breach of trust from December 3, 1929, down to the termination of the trust; the petition thus setting forth two separate and distinct causes of action, and the amendment seeking to convert the petition thus containing these two distinct causes into a suit against both defendants jointly, but that this amendment introduced an entirely separate and distinct cause of action from those theretofore pleaded; "for (a) the original petition is to be construed as one seeking an accounting from Atlanta Trust Company from April 1, 1926, to December 3, 1929, and an accounting from the Citizens & Southern National Bank from December 3, 1929, to the termination of the trust; thus the original petition contained two causes of action against two different trustees for different periods of time, and the amendment should not be allowed, because it seeks an accounting from the trust company and the Citizens & Southern National Bank jointly for the second of these periods, which is a distinct cause of action; and (b) if the proper construction of the original petition is that the plaintiff seeks an accounting from the trust company for a period from April 1, 1926, to the termination of the trust, and to recover from the Citizens & Southern National Bank for alleged participation in the alleged breaches of trust from December 3, 1929, to the termination of the trust, then the petition set forth two causes of action; and the amendment contained another and different cause

of action, seeking an accounting by both defendants as trustees for only the second portion of the period." We can not agree with counsel in their contention. The original petition complains of no act committed before the date when it was alleged the bank began handling the trust business of the trust company, although it was not specifically stated in the original petition that the plaintiff therein was seeking an accounting for the acts from the time that both defendants participated in the alleged breaches of trust. The amendment simply makes it clear that the complainant is seeking the accounting only from that time. The petition as originally drafted is not susceptible of the construction that it contains one cause of action against the trust company for an accounting covering one period, and a separate cause of action against the bank for an entirely different period. The amendment was properly allowed. The only other part of it not hereinbefore indicated was to substitute for December 29, 1929, December 3, 1929,—that being the date when it is alleged that the trust company ceased to do active business, and when the bank carried on the trust functions and trust business of the latter. Even if the original petition were subject to the infirmity contended for, it was permissible to cure it by amendment.

The objection of misjoinder must be taken advantage of by special demurrer (*Shingler* v. *Shingler,* 184 *Ga.* 671, 672, 102 S. E. 824, and cit.), as it was in the instant case. A petition containing such an infirmity may be saved by an amendment striking the name of one of the parties defendant. Code, § 81-1306. We see no valid reason why such a defect may not also be cured by an amendment making it a joint action against both defendants, provided the facts set forth a joint liability. At most, as originally drafted, the original petition was silent as to the period covering which it prayed for an accounting against the trust company. As amended, it was made plain that the accounting sought against both defendants covered the same period, and, as we shall presently show, the two defendants could be joined. We are not deciding whether, if the original petition should be construed to contain a cause of action against the trust company for the full term of the trusteeship and against the bank only for a part of that time, it would be subject to demurrer for misjoinder of parties or causes of action. Could it not be sustained under the principle that in equity it is not

essential that all of the defendants be liable for the full measure of relief granted against the other (*Goodroe* v. *C. L. C. Thomas Warehouse*, 185 *Ga.* 399, 195 S. E. 199, and cit.), especially when there is a prayer for general relief? It is unnecessary, however, to rule upon the question above referred to, because we are of the opinion that, properly construed, the petition does not fall within the premise of such an inquiry.

■ Did the petition set forth a cause of action against the trust company? In 2 Bogart on Trusts, 791, § 246, it is said: "A collateral trust indenture securing a bond issue or a note issue usually contemplates a continuous substitution of collateral, and in this connection imposes serious responsibilities upon the trustee. For example, if the collateral which is the security for the bond issue is to be many individual mortgages, with a power of substitution of other mortgages coming with a certain description, the trustee can release the original collateral only if the substituted collateral comes within the limitations of the indenture." Trustees for bondholders are governed by the general rules that govern trustees in the ordinary performance of the duties of a trust. Moyer *v.* Norristown-Penn Trust Co., 296 Pa. 26, 30 (145 Atl. 682); First National Insurance Co. *v.* Salisbury, 130 Mass. 303, 310; 2 Perry on Trusts (6th ed.), § 760. The trust indenture in the instant case creates a fiduciary relationship between the Atlanta Trust Company and the bondholders. Among the duties imposed and accepted by it were, to hold in trust for the bondholders certain collateral notes; to accept from the mortgage company only such collateral as met certain requirements stated in the deed; to accept only bona fide mortgages on real estate not to exceed 60 per cent. of the appraised value; to permit substitutions of collateral, provided certain designated requirements were met; to foreclose any mortgage, etc., which was a part of the trust, and hold the proceeds subject to the provision of the trust indenture; to see that at all times there were in the trust real estate securities equal to 101 per cent. of the bonds outstanding; to be responsible at all times for the safekeeping and disposition according to the terms of the trust of all collateral that is a part of the trust. The trustee not only took title to the trust property, but was an active trustee. It had vital, important, and positive acts to perform. Under these circumstances it occupied the position of one bound to account. In such case it

makes no difference whether he be a technical trustee or not. In *Poullain* v. *Poullain,* 76 *Ga.* 420, 446, this court said: "In *Dowling* vs. *Feeley et al.,* 72 *Ga.* 566, in dealing with questions which involved this, we say that it is 'made the duty of the administrator by law to keep these accounts, to support them by proper vouchers, and to present them annually for examination and approval by the proper authority,' and we add, quoting and adopting what is said in 2 Spence's Eq. Jur. 921, 'It is an imperative duty of an accounting party, whether an agent, a trustee, a receiver or an executor (for in this respect, as was remarked by the Lord Chancellor in Lord Hardwick *vs.* Vernon, they all stand in the same situation) to keep his accounts in a regular manner, and to be always ready with his accounts.'" Where a fiduciary relation exists, an accounting in equity is proper. Code, § 37-301. In the case of *Dill* v. *McGehee,* 34 *Ga.* 438, 441, it was asked: "What objection is there, on the part of the trustee, if he has acted in good faith, to coming into a court of equity, and making *his own statement* of his actings and doings respecting this property? Let him show what he has received, and account for it; that is all the bill asks of him. Why should a faithful trustee be unwilling to come into a court of equity and render an account of his stewardship? We know of no good reason." See *Dowling* v. *Feeley,* 72 *Ga.* 557; *Clarke* v. *Wheatley,* 113 *Ga.* 1074 (39 S. E. 437); *Merritt* v. *George,* 168 *Ga.* 497 (148 S. E. 334); *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113).

Counsel for the defendants rely on *Caldwell* v. *Hill,* 179 *Ga.* 417 (176 S. E. 381, 98 A. L. R. 1124). That case involved a proceeding for one purpose only, to wit, to remove a "trustee" named in a deed executed to secure the payment of an issue of bonds sold by the grantee. The majority of the court there said: "The defendant is not such a 'trustee' of an equitable estate as to support a proceeding for his removal under general principles of equity jurisdiction independent of statutory law of Georgia." In the opinion of the majority attention was called to the fact that an examination of the deed there being considered did not show any duties to be performed by a trustee, that is, a trustee in a strictly equitable sense, rather than a general sense; the conclusion being reached that there the status of the "trustee" was that of agent. The actual point decided was that the proceeding was one in personam against

a non-resident of the State, and that a plea to the jurisdiction should have been sustained. In *Caldwell* v. *Hill,* supra, the court observed: "Of course the defendant in this case, in a general sense, is a trustee. All executors, administrators, guardians, officers of corporations, directors of corporations, and numerous others. are trustees in the sense that they occupy fiduciary relations and have been 'entrusted' with the property of others." Of the case. of *Caldwell* v. *Hill,* supra, it may be observed first, that it is plainly distinguishable on its facts from the instant case; and secondly, it lays down no principle at variance with what we here rule.

■ Is a case stated against the Citizens & Southern National Bank? As to it, the petition alleges in substance that in December, 1929, the Citizens & Southern National Bank entered into certain contracts, whereby the Atlanta Trust Company closed its doors, vacated its building, ceased active business, and delivered to the Citizens & Southern National Bank all assets, documents, and col-lateral theretofore held by it in its trust department in trust for others, and that thereafter its trust functions and trust business were carried on under the direction, management, and control of the Citizens & Southern National Bank and its officers, particularly trust officers and employees designated and selected by the Citizens & Southern National Bank, and that the officers of the Atlanta Trust Company thereafter did only such things and performed their functions in such manner with reference to the trust depart-ment and the trust business as they were requested or directed to do or perform by the Citizens & Southern National Bank, and that all fees and emoluments derived from such trust department and trust business were collected and taken by the Citizens & Southern National Bank and treated by it as its own. And further, that the Citizens & Southern National Bank participated in, directed, su-pervised, and committed all of the acts which were alleged to be breaches of the trust, and that it had full knowledge of all matters relating to said trust at the time it participated in said breaches. The Code, § 108-423, declares: "All persons aiding and assisting trustees of any character, with a knowledge of their misconduct, in misapplying assets, are directly accountable to the persons injured." A long line of decisions by this court have applied and given effect to the principle announced in that Code section, among them, *Shivers* v. *Palmer,* 14 *Ga.* 342; *Hargroves* v. *Batty,* 19 *Ga.* 130;

*Manning* v. *Manning*, 61 *Ga.* 137; *Bigham* v. *Coleman*, 71 *Ga.* 176; *Hickson* v. *Bryan*, 75 *Ga.* 392; *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426); *Atlanta Real Estate Co.* v. *Atlanta National Bank*, 75 *Ga.* 40; *Citizens & Southern Bank* v. *State*, 151 *Ga.* 696 (108 S. E. 168); *Georgia Railroad Bank & Trust Co.* v. *Liberty National Bank & Trust Co.*, 180 *Ga.* 4 (177 S. E. 803). That the bank may have received no benefit makes no difference. In *Anderson* v. *Foster*, supra, it was held: "One who aids and assists a trustee in misapplying trust funds, with knowledge of his misconduct, is directly accountable to the person injured by such misapplication, although the person thus assisting the trustee does not himself reap the fruits of the misappropriation."

■ The trust company and the bank, under the allegations of the petition as amended, are not only liable, but the two may be joined as defendants in one suit. See *Shivers* v. *Palmer, Hargroves* v. *Batty, Manning* v. *Manning, Hickson* v. *Bryan, Atlanta Real Estate Co.* v. *Atlanta National Bank, Citizens & Southern Bank* v. *State, Anderson* v. *Foster,* supra. That ground of the demurrer urging that the petition as amended be dismissed on the ground of misjoinder was properly overruled.

■ The special demurrers remain to be noticed. The petition was in two counts. The only difference between them is that the allegations deal with different bonds with reference to which an accounting was prayed. The defendants demurred to paragraph 14 of both counts of the petition, on the ground that the allegations were vague and indefinite, in that they did not allege which of the loans in the collateral were "straw or dummy loans," or which were not bona fide loans. The paragraph referred to reads as follows: "A substantial part of the property and assets delivered to petitioner pursuant to the aforesaid decree was not the same collateral which was originally deposited and pledged with said trustee to secure said Series E bonds; many of the first-mortgage loans delivered to petitioner were straw or dummy loans for which the borrowers or mortgagors received no consideration, and were not bona fide loans; while other loans originally deposited in the trust, amounting to more than $50,000, have not been delivered to petitioner, and no explanation or accounting as to them has been made to bondholders or to petitioner; and petitioner shows that the disposition made of the original collateral, the substitution per-

mitted therein, and the other properties and moneys received, and which should have been received by the trustee, are matters peculiarly within the knowledge of the trustee." Petitioner is the owner of the bonds to secure which certain collateral was deposited with the trust company, which under the indenture had the power to receive substitute collateral, provided the same was of a designated character, the designation being for the protection of the bondholders. Other allegations of the petition were that under a decree taken in a corporate-reorganization proceeding under section 77B of the bankruptcy act, the trust company was directed to deliver to National Bondholders Corporation all assets held by it as collateral for these bonds. The allegation is that when the turnover was made in compliance with such order, the defaults described in the petition were disclosed by reason of the character of the collateral so delivered. Petitioner asks for no money judgment in any specific sum. It prays that it recover of the defendants and each of them "the amounts found to be justly and equitably due by each of them to petitioner upon an accounting." The terms of the trust deed carried an obligation on the part of the trustee, the trust having terminated, to deliver the original collateral, unless it can show proper substitutions, pursuant to the terms of the trust. These are matters for the defendants to show, being peculiarly within the knowledge of the trustee. Compare *Dodge* v. *Hatchett,* 118 *Ga.* 883 (45 S. E. 667). Under these circumstances we think this ground of the demurrer without merit.

In a proceeding to obtain an accounting, the complainant is not obliged to show how much is due, provided he avers facts sufficient to indicate that something will be found to be due him by the defendant. *Ferrell* v. *Wight,* 187 *Ga.* 360, 367 (200 S. E. 271), and cit. The items of the account need not be alleged. 1 C. J. S., § 38 (3) ; *Calbeck* v. *Herrington,* 169 *Ga.* 869, 873 (152 S. E. 153).

The defendant demurred to paragraph 14 of each count, on the ground that such paragraph was vague and indefinite in that it was not alleged why loans originally deposited in the trust were required to be delivered to the plaintiff. We have already called attention to the terms of the decree. The petition charges that the trustee has delivered certain property, but has made no accounting for a large number of securities. Petitioner being owner of all

the bonds, the defendant was under a duty to deliver the collateral to it, or else to account therefor. This ground of the demurrer is without merit. The defendant demurred to paragraph 15 of each count, on the ground that the allegations thereof are vague and indefinite in that it is not alleged what instances of negligence, violation of trust, and wrongful release and improper substitutions occurred. Paragraph 15 is as follows: "Upon information and belief, petitioner alleges that in the administration of these trusts there have occurred many instances of gross negligence, violations of the trust, wrongful release and improper substitution of collateral, and dissipation and misapplications of the trust estate, the details of which are peculiarly within the knowledge of the trustee, but some of these wrongful acts petitioner hereinafter points out." Taken in connection with the other allegations of the petition and the prayer for an accounting, the demurrer to this paragraph was properly overruled.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*