## PEYTON *et al. v.* McMILLAN *et al.*

1. An action for an equitable accounting against two persons jointly contracting with the plaintiffs, in consideration that the plaintiffs convey to them certain land, that they will dispose of the same and, after satisfying a debt due by the plaintiffs on which they are accommodation indorsers and the payment of the expenses incident thereto, account to the plaintiffs for the balance, is not demurrable for misjoinder of parties defendant.

2. The petition was good as against a general demurrer.

3. That an auditor was not sworn is cause to recommit the case to him, but does not furnish a ground for an exception of fact to his report.

4. There was testimony to show that the correspondence to which objection was taken, though conducted by one of the defendants, was with the approval of the other defendant; and it was not inadmissible because conducted by only one of them.

5. The various deeds referred to in this division of the opinion were relevant and admissible in evidence.

6. Executions based on a general judgment against a principal debtor and his sureties, and on a judgment of foreclosure of a mortgage on land against the principal debtor, were levied on the land included in the mortgage. Pending the levy the sureties agreed with the principal debtor that if he would convey to them the land embraced in the mortgage, and additional land, they would pay the debt, sell the land conveyed to them for their reimbursement, and account for the proceeds. In carrying out this agreement the sureties adopted the policy of permitting the land to go to sale and to bid in such tracts as would not bring full value. Some of the tracts were thus bid in by the sureties, and afterwards sold by them at an advanced price. *Held,* that the sureties were accountable for the advanced price received by them after their purchase at sheriff's sale.

7. In an equitable cause exceptions of fact to an auditor's report are to be submitted to the jury only when approved by the court. Where the evidence, though conflicting, supports the finding of the auditor, it is not an abuse of discretion to disapprove the exceptions of fact.

MAY 11, 1916.

Exceptions to auditor's report. Before Judge Jones. Habersham superior court. May 4, 1915.

W. H. McMillan and F. M. Yearwood brought an action against J. T. Peyton and S. C. Grant, alleging as follows: On November 13, 1905, they borrowed $5,434.75 from the Cornelia Bank, upon the accommodation indorsement of the two defendants and H. E. Loudermilk, P. F. Grant, and J. A. Yearwood, and a mortgage on certain real estate in the counties of Habersham and White. The plaintiffs having defaulted in the payment of the note, the bank foreclosed its mortgage and also obtained a common-law judgment against the principals and their accommodation indorsers or sureties. Execution duly issued on the judgment. Petitioners made certain payments on the judgment, which were applied to the discharge of costs, interest to judgment, attorney's fees, and in reduction of the principal debt, leaving $5,196.21 due. On January 6, 1908, the executions were levied upon the property described in the mortgage. Pending the levy the sureties entered into an agreement with petitioners, that if the latter would convey to the former the property covered by the mortgage, and certain other property, the sureties would settle the amount due the Cornelia

Bank, "and would handle the property to the best advantage, stop costs, and any remainder derived from the sale of said lands after the payment of said named items would be returned to these petitioners." Pursuant to this agreement, on February 11, 1908, and on March 4, 1908, petitioners conveyed to J. T. Peyton, S. C. Grant, Paul F. Grant, and H. E. Loudermilk the property described in the mortgage, as well as other land not embraced therein. After the execution of these deeds the sureties paid the bank, and the fi. fa. was duly transferred to them, and the defendants now seek to enforce it by levy on the property of one of the plaintiffs. The defendants failed to comply with their agreement, but allowed a part of the property to go to sale under the levies, and bought in most of it themselves; and the net credit of the property thus sold was $3,641.31. Petitioners never received any credit for the White county property, known as the Taylor place, or for certain personal property sold by the sheriff. The sureties have sold the property conveyed to them for much more than sufficient to discharge the Cornelia Bank judgment; but it is impossible for petitioners to tell exactly what sums were derived from the sale of the land, as several of the deeds and transfers have not been placed on record. Peyton and S. C. Grant have received, from the sales of the property conveyed to them, $4,000 in excess of an amount sufficient to reimburse them for their payment of the debt to the bank; and in equity and good conscience they ought to account to them for the excess. Paul F. Grant and H. E. Loudermilk admit having been fully satisfied, and are not claiming anything against petitioners. On January 20, 1911, the defendants caused the sheriff to levy on certain property of one of the petitioners for the purpose of satisfying an alleged balance due on the fi. fa. in favor of the bank, which had been transferred to them and the two other sureties. The prayer is, for an accounting, that the fi. fa. so transferred be declared satisfied, and that the petitioners recover of the defendants the excess they realized from the sales of property after reimbursing themselves for all amounts they have paid, and that they be enjoined from further proceeding with the fi. fa.

The defendants filed their demurrers and answers. The case was referred to an auditor, who made his report. The defendants filed exceptions of law and of fact to the report, which were over-

ruled, and the report was made the judgment of the court. The defendants sued out a writ of error.

*J. C. Edwards & Sons,* for plaintiffs in error.

*McMillan & Erwin,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. One ground of demurrer was that if the plaintiffs had any right of action against the defendants, it was not joint but several, and there was a misjoinder of parties. The auditor overruled this ground. No exception is taken to the failure to join the other two sureties. Manifestly there is no merit in this ground of the demurrer. The defendants are transferees of the fi. fa., which is alleged to have been paid pursuant to an agreement in which both participated.

2. The auditor also overruled the general demurrer to the petition. Briefly stated, the plaintiffs' case is this: They borrowed money from a bank upon a note on which the defendants were accommodation indorsers or sureties, and further secured the note by a mortgage on certain property. The bank sued on the note to judgment, and also foreclosed its mortgage. Executions upon these judgments were levied upon the property embraced in the mortgage. The plaintiffs and the sureties agreed that if the plaintiffs would execute to the sureties a deed to the land covered by the mortgage, and other lands, the sureties would pay off the judgment of the bank, sell the property, and from the proceeds reimburse themselves in the amount paid to discharge the note to the bank, as well as compensate themselves for their time and expense in reducing the property to cash, and would account for the excess. This agreement was executed by the plaintiffs' making the deeds therein contracted for. The plaintiffs alleged that the sureties sold the property so conveyed to them, and had not accounted for the proceeds; and that on a proper accounting it would appear that the net proceeds of the property conveyed to the sureties and sold by them was more than sufficient to pay the debt for which they were liable. The bare statement of the case shows that it was one for equitable accounting.

3. One of the exceptions is that it did not appear from the auditor's report that he had been sworn. This is not a ground for an exception of fact to the auditor's report. The proper remedy in such case is a motion in due time to recommit the case to the auditor. *Harrison* v. *Harrison,* 115 *Ga.* 999 (42 S. E. 382).

4. Exception was taken to the auditor's allowing in evidence certain correspondence between one of the defendants and the plaintiffs, over objection that the evidence was insufficient to show that the other defendant authorized or ratified the correspondence. This correspondence contained the contract between the sureties and their principal, with reference to taking over the property of the plaintiffs and disposing of it for the benefit of all concerned. The evidence authorized an inference that the defendant in whose name the correspondence was conducted was acting in behalf of himself and the other sureties. Furthermore it appeared that the sureties disposed of the property which was conveyed to them, and which was not included in the mortgage to the bank. There was no error in receiving this evidence. One letter, written a year before the transaction, was clearly irrelevant, and was properly excluded.

5. There was evidence tending to show that the sureties, after their contract with the plaintiffs, adopted a policy to allow the property levied upon to proceed to sale, and such of it as was not bringing its real value would be bid in by the defendants. The defendants purchased some of the land at the sale, and sold that land, together with other land which was embraced in the plaintiffs' deed to them, and not included in the mortgage. The various deeds evidencing these transactions were allowed in evidence. The defendants filed exceptions to their admission. These exceptions are without merit, as these deeds illustrated the transaction and tended to show the disposition of the property, and the amounts received by the defendants.

6. The auditor found that the plaintiffs were not bound by the amounts received at sheriff's sale from property bid off by the sureties, as title to the same had already been conveyed to the defendants, under an agreement that they would dispose of it for the benefit of the plaintiffs; and that the same was purchased at sheriff's sale by the defendants, in execution of their contract with the plaintiffs. It is contended that as the property was sold under the fi. fa., the prices brought at the sale were conclusive and discharged the contract. If the plaintiffs' contention be true (and there was ample evidence to support such contention), there was no merit in the assignment.

7. Several of the exceptions classified as exceptions of law were

really exceptions of fact, and the evidence was ample to support the auditor's findings so excepted to. The findings of fact, to which exceptions were taken, were also sustained by the evidence. This being an equity cause, and there being evidence to support the findings, there was no error in overruling the exceptions, and in refusing to submit any issue made by such exceptions to the jury. Civil Code (1910), § 5141; *Murray* v. *Hawkins,* 144 *Ga.* 613 (87 S. E. 1068). We find no merit in any of the exceptions to the report of the auditor, which was clear and perspicuous, and was fully authorized by the evidence.

*Judgment affirmed. All the Justices concur.*