AMERICAN SURETY COMPANY OF NEW YORK v. ADAMS, ordinary, for use, etc., et al.

ATKINSON, Presiding Justice. 1. There is no authority of law for a guardian by private contract to invest funds of his ward in land. Such an investment is a breach of the guardian's statutory bond that will authorize suit to recover the amount from the guardian and his surety.

2. "Guardians are authorized to invest any funds held by them as such guardians in lands: Provided, that an order to that effect shall first be obtained from the judge of the superior court, who is authorized to consider and pass upon such applications either in term time or vacation." Code, § 49-216. A petition of a guardian to invest funds of his ward under this law is an ex parte proceeding of the ward acting through the guardian. It does not require appointment of a guardian ad litem for the ward. Callaway v. Bridges, 79 Ga. 753 (2) (4 S. E. 687). See also Sanders v. Hinton, 171 Ga. 702, 709 (156 S. E. 812); Marshall v. Citizens & Southern National Bank, 54 Ga. App. 123, 128 (187 S. E. 240). In such proceeding the guardian acts in a fiduciary capacity, and is bound to utmost good faith with the court and the ward in the interest of the latter.

3. In such proceeding, the guardian and the ward being widow and minor child of a decedent, if the petition describes land in which it is prayed for leave to invest individual funds of the ward, and the land has in fact been previously set apart from the estate of the decedent as a statutory year's support to the widow and minor children, but the guardian in her petition omits to inform the court of such fact or that the guardian (widow) has an individual interest in the land, such omission, in view of the confidential relations and duty of disclosure, is actual fraud upon the court whose jurisdiction is invoked, which will authorize a decree in equity setting aside an order granting the prayer of the petition for investment.

(*a*) The guardian occupies a dual position in relation to the land. Her personal interest was to obtain the highest price, while that of her wards was to pay the lowest price; and not to pay at all for an interest in the land they already had. Appropriate is the language of Lumpkin, J., in *Loyless* v. *Rhodes*, 9 *Ga.* 547, 551: "I ask, would the ordinary— would any honest court, have granted this dismission, with a knowledge of the facts charged in the bill?"

(*b*) If under such order the guardian invests the individual funds of the ward in the land so set apart as a year's support, the whole transaction will be a breach of the guardian's bond that will support an equitable action against the guardian or her legal representative, and the surety on the guardian's bond, to set aside the order for investment, and to recover the amount of the invested fund.

4. Applying the foregoing principles, the petition for equitable relief alleged a cause of action, and the judge did not err in overruling the demurrer of the surety. *Judgment affirmed. All the Justices concur.*

No. 13170. JULY 12, 1940.

*R. M. Daley,* for plaintiff in error.

*Stanley A. Reese* and *Blackshear & Blackshear,* contra.