31603. HERRING et al. v. STANDARD GUARANTY INSURANCE COMPANY.

HILL, Justice.

Appellants, defendants below, contend that a money judgment was improperly entered against them based on a rule nisi hearing.

The Standard Guaranty Insurance Company filed a multi-count complaint alleging that the defendants, licensed insurance agents, sold policies of insurance for the company but failed to remit the premiums. The company prayed in one count that the court order an equitable accounting and disbursement pursuant to Code Ann. §§ 37-301, 56-848b. Defendants were ordered by rule

nisi to appear and "show cause . . . why the plaintiff's prayer for an accounting and other equitable relief should not be granted."

At the hearing, the court first heard argument on the propriety of an equitable accounting in this case. The court then admitted evidence, over defendant's objection (Tr. 22-23, 72-73), of amounts due the plaintiff. Subsequently the court entered judgment in favor of plaintiff and against certain defendants in the sum of $14,205.05.

In general, a rule nisi is a process (order) of court which issues in pending litigation to formally notify parties of and compel them to appear at hearings for determination, prior to trial and final judgment, of preliminary, temporary or other interlocutory matters.[1] Although a rule nisi orders the respondent to show cause why certain action should not be taken, the burden of showing the necessity for taking such action is on the movant.

An equitable accounting is not a proceeding to which every litigant has a right. An equitable accounting is granted only in carefully prescribed and determined circumstances, such as when an accounting at law is inadequate (see, e.g., *Universal Garage Co. v. Fowler,* 184 Ga. 604 (192 SE 299) (1937)), and when the relationships and dealings between the parties are as set forth in Code Ann. § 37-301. An equitable accounting is itself evidentiary in nature (see *Peyton v. McMillan,* 145 Ga. 179 (88 SE 937) (1916), and Code Ann. § 10-101), but the determination that an equitable accounting will be ordered is an interlocutory or preliminary matter separate and distinct from the equitable accounting itself. In practice, between an order directing an accounting and the actual accounting, there is an interval sufficient to authorize an appeal. See Code Ann. § 6-701(a) 3.

The rule nisi in this case ordered a hearing on whether an equitable accounting should be had. The

---

[1] We use a rule nisi where other jurisdictions use a notice of hearing. See Rule 7 (b) (1) and Form 19, F. R. Civ. P.

words "other equitable relief" appearing in the rule nisi do not constitute notice that if it is determined that an equitable accounting should be made, then the accounting will be conducted at the same hearing. The defendants therefore were not afforded notice to be prepared to proceed with the accounting itself. In the absence of agreement by all parties, the granting of monetary judgment based upon a rule nisi hearing is error. See *McGregor v. Town of Fort Oglethorpe,* 236 Ga. 711, 713 (225 SE2d 238) (1976).

The case of *Phillips v. Gladney,* 234 Ga. 399 (3) (216 SE2d 297) (1975), is different in that there was no dispute of fact in that case as to the relationships of the parties whereas here the existence of a debt was admitted but the amount was not admitted. Nor can the hearing be treated as a motion for summary judgment. See *Davis v. American Acceptance Corp.,* 119 Ga. App. 265 (1) (167 SE2d 222) (1969), approved in *Royston v. Royston,* 236 Ga. 648 (225 SE2d 41) (1976).

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 28, 1977.

*Pye, Groover & Pye, Lewis M. Groover, Jr.,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Karen D. Wildau,* for appellee.