## 64583. BUTLER v. HOME FURNISHING COMPANY.

CARLEY, Judge.

Appellant-plaintiff brings this appeal from an order of the trial court granting appellee-defendant's motion to dismiss appellant's complaint seeking damages as a result of appellee's alleged wrongful repossession, trespass and conversion. The underlying basis of the action is an earlier proceeding instituted by appellee against appellant pursuant to Code Ann. § 67-701. Because of appellant's failure to answer or appear in the previous case, default judgment awarding a writ of possession was issued with respect to certain furniture described therein. Appellee contends that the trial court correctly dismissed appellant's complaint in the instant case because appellant is prohibited from asserting the claims alleged in her complaint by reason of the operation of the doctrine of estoppel by judgment. Appellant argues that neither estoppel by judgment nor res judicata can be applied to this case because the earlier default judgment was void and, thus, subject to collateral attack.

Code Ann. § 110-501 provides that "[a] judgment by a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." In order for the doctrine of estoppel by judgment to be properly invoked, the judgment relied upon must be on the merits of the case. *Usher v. Johnson,* 157 Ga. App. 420 (278 SE2d 70) (1981). A default judgment is considered to be "on the merits." *Fierer v. Ashe,* 147 Ga. App. 446 (249 SE2d 270) (1978).

Appellant's contention is that the judgment relied upon by appellee is *void* because it granted a writ of possession on property in which appellant had not granted to appellee a security interest. However, it appears that while appellant characterizes the judgment as "void," she is actually asserting the invalidity of the judgment on the basis of an erroneous ruling. " 'There is a distinction between "void" and "erroneous," as used with reference to acts from a judicial body, the general rule being that, where the body has jurisdiction of the subject-matter and of the person affected, its judgment in the case will not be void, though it may be erroneous. If the judgment is

merely erroneous, *it can be attacked, and the error corrected only by appeal or by a direct proceeding to set it aside,* while, if it be absolutely void, it is a nullity from the beginning, and may be treated as such without further proceedings to have such nullity judicially declared.'" (Emphasis supplied.) *Walden v. Smith,* 203 Ga. 207, 209 (45 SE2d 660) (1947).

There is no contention that the court issuing the writ of possession was without jurisdiction over the subject matter or the person of the appellant. Assuming, arguendo, that there is any merit to appellant's claim that the earlier judgment was erroneous, there nevertheless exists no basis for contending that the default judgment was void and, thus, a "nullity from the beginning." Accordingly, that judgment cannot be collaterally attacked by appellant. It follows that the doctrine of estoppel by judgment precludes the plaintiff from asserting against appellee any of the claims alleged in this action.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 8, 1982.

*Betty Walker-Lanier,* for appellant.
*Noble L. Boykin, Jr.,* for appellee.