## 39659. LAWING v. ERWIN.

SMITH, Justice.

These parties were formerly husband and wife and were divorced in 1973. This case concerns a collateral attack in 1982 on a 1976 judgment modifying the child support obligations of William Lawing. We reverse.

In 1976, the parties entered into a settlement agreement resulting in an order of the Dougherty County Superior Court modifying the 1973 judgment and decree. In 1982, appellee filed a complaint in the same court seeking an upward modification of child support payments she received from appellant. A jury determined that no increase was warranted. Appellee then filed a motion for new trial. This motion also contained an attack on the 1976 judgment, asserting that no evidence had been presented to support it. After a hearing, the trial judge denied the motion for new trial, but declared the 1976 judgment void on its face and of no effect.

Appellant makes two enumerations: first, that it was error to consider a challenge to the validity of the 1976 judgment in a motion for new trial of a separate case; and second, that it was error to rule that the 1976 judgment was void on its face.

The procedure for obtaining relief from judgment is codified at OCGA § 9-11-60 (Code Ann. § 81A-160). Paragraph (a) sets out the methods for collateral attack and provides that only a judgment void on its face may be so attacked. All other judgments shall be subject to attack only by a direct proceeding. OCGA § 9-11-60 (a) (Code Ann. § 81A-160). The determining factor then, is whether the judgment was void on its face.

A judgment is void on its face when "there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." *Wasden v. Rusco Industries,* 233 Ga. 439 (2) (211 SE2d 733) (1975). Appellee argues that the judgment here is void because it "affirmatively appears that no evidence was presented to support the judgment." However, appellee overlooks the rule that a judgment may not be collaterally attacked on the ground that it was based on insufficient evidence. *Burrell v. Wood,* 237 Ga. 162 (227 SE2d 60) (1976). A direct proceeding is required. OCGA § 9-11-60 (a) (Code Ann. § 81A-160). Appellee does not contend that the 1976 trial court lacked jurisdiction of the person or subject matter or that it was without authority to enter the order. Nor does she assert lack of notice or failure of service. Where, as here, a judgment is regular on its face, the presumption arises that there was sufficient evidence to authorize it and the judgment becomes conclusive as to the subject matter which it purports to decide. *Rowell v. Rowell,* 214 Ga. 377 (105 SE2d 19) (1958).

Therefore, it was error to entertain this collateral attack on an unrelated judgment not void on its face in this motion for new trial.

The judgment of the trial court finding the 1976 order to be null, void, and of no force or effect is therefore reversed.

*Judgment reversed. All the Justices concur, except Gregory, J., not participating.*

DECIDED JUNE 6, 1983 —
REHEARING DENIED JUNE 28, 1983.

*Perry, Walters & Lippitt, C. Richard Langley,* for appellant. *Kenneth B. Hodges, Jr.,* for appellee.