## A02A2270. WALKER et al. v. BLACKWELL.
(577 SE2d 24)

ADAMS, Judge.

Esler C. and Angie G. Walker filed a "Petition to Vacate a Void Judgment" in the Superior Court of Muscogee County. The Walkers sought to vacate a judgment entered by the Superior Court of Carroll County,[1] awarding Bill Blackwell punitive damages and attorney fees against the Walkers in the total amount of $307,000. Their petition asserted that the judgment is void on its face because it reflects an award of punitive damages without an underlying award of compensatory damages. The Muscogee County Superior Court dismissed the petition as an impermissible collateral attack under OCGA § 9-11-60. We affirm.

OCGA § 9-11-60 (a) provides: "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section." The Supreme Court of Georgia has defined the term "void on its face," as used in this subsection to mean "those judgments which lack either personal or subject matter jurisdiction." *Murphy v. Murphy,* 263 Ga. 280, 282 (430 SE2d 749) (1993). Therefore, collateral attacks on judgments are limited "to circumstances where the trial court lacks either subject matter or personal jurisdiction." Id. at 283.

The Walkers do not assert that the Carroll County Superior Court lacked personal jurisdiction over them. And their argument regarding the judgment's lack of an underlying compensatory damage award is not, as they contend, an argument that the Carroll County Superior Court lacked subject matter jurisdiction over Blackwell's action against them. Rather, it is simply an attack on the punitive damage award. Therefore, the Walkers' petition could only be brought as a direct action in the Carroll County Superior Court. "A judgment not void on its face is not subject to collateral attack but can be attacked only by a direct proceeding brought in the trial court

---

[1] The Walkers previously filed an action to vacate the same judgment in the Superior Court of Heard County. The trial court dismissed the action due to insufficiency of service of process, and this Court affirmed. *Walker v. Blackwell,* 251 Ga. App. 17 (553 SE2d 171) (2001).

[that entered the judgment] pursuant to OCGA § 9-11-60. [Cit.]" *Richardson v. Simmons*, 245 Ga. App. 749, 750 (538 SE2d 830) (2000).

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED JANUARY 28, 2003.

Esler C. Walker, *pro se.*
Angie G. Walker, *pro se.*
Smith, Wallis & Scott, Christopher B. Scott, for appellee.