**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**June 18, 2012**

# In the Court of Appeals of Georgia

A12A0576. ROSE v. HOUSEHOLD FINANCE CORPORATION
II.

MILLER, Judge.

Bruce A. Rose filed suit against the lender, Household Finance Corporation II ("HFC"), alleging that HFC incorrectly charged interest on Rose's unsecured revolving line of credit with HFC (the "subject loan"). Rose, appearing pro se, appeals from the trial court's order granting summary judgment to HFC on the grounds of res judicata based upon the adjudication of the parties' prior action regarding the subject loan. Rose contends that the doctrine of res judicata did not apply in this case, and that the trial court's erroneous ruling was based on a void judgment. Discerning no error, we affirm.

"On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations and punctuation omitted.) *Campbell v. The Landings Assn.*, 289 Ga. 617, 618 (713 SE2d 860) (2011).

So viewed, the record shows that Rose and his wife received the subject loan, in the amount of $15,000, in February 2006. In September 2009, HFC filed an action against the Roses seeking the unpaid principal and interest on the subject loan, as well as attorney fees. In their answer to HFC's complaint, the Roses raised the following affirmative defenses: (i) HFC's calculation of interest on the subject loan was usurious or based on a rate that was greater than allowed by law; (ii) HFC's claims were based on an adhesion contract; (iii) HFC was barred from collecting attorney fees under the Fair Debt Collections Practices Act; and (iv) HFC's damages were limited to real or actual damages. HFC moved for summary judgment on all of its claims against the Roses, as well as on the Roses' affirmative defenses. HFC specifically claimed that it was entitled to summary judgment because Rose materially breached and defaulted on the underlying contract and was liable to HFC for damages, interest, and contractual attorney fees; HFC further claimed that there

2

was no basis supporting the Roses' affirmative defenses. The trial court granted summary judgment and awarded damages to HFC, finding that there were no genuine issues of material fact and that HFC was entitled to judgment as a matter of law.[1]

In June 2010, Rose filed the instant action against HFC, alleging that HFC's methods of calculating interest resulted in Rose being charged "interest-on-interest" for an unsecured debt, which violated OCGA § 7-4-17, and that HFC's calculation of interest was usurious or based on a rate that was greater than allowed by law. HFC filed a motion for judgment on the pleadings, contending that Rose's complaint was barred by the doctrine of res judicata. The trial court converted HFC's motion to one for summary judgment and granted it for the reasons set forth in HFC's motion.

1. Rose first contends that the trial court erred in granting summary judgment to HFC on the grounds of res judicata. We disagree.

"The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action." (Punctuation and footnote omitted.) *Neely v. City of Riverdale*, 298 Ga. App. 884, 886 (2) (681 SE2d 677) (2009); see OCGA § 9-12-40 ("A judgment of a court of competent jurisdiction shall

---

[1] The trial court subsequently denied the Roses' motion to vacate and set aside the summary judgment order, and this Court denied Rose's application for discretionary review of that subsequent order.

be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."). "A prior action may bar a subsequent action under the doctrine of res judicata if the prior action resulted in an adjudication by a court of competent jurisdiction and the two actions have an identity of parties and subject matter. Res judicata is an affirmative defense (OCGA § 9-11-8 (c)) which must be established by the pleader." (Citations omitted.) *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565 (458 SE2d 826) (1995).

> The doctrine applies even if some new factual allegations have been made, some new relief has been requested, or a new defendant has been added. It is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid.

(Footnote omitted.) *Neely*, supra, 298 Ga. App. at 887 (2).

To carry its burden of proof, HFC introduced a certified copy of the trial court's final summary judgment order entered in the 2009 action filed by HFC against

the Roses regarding their repayment of the subject loan.[2] Cf. *Waggaman*, supra, 265 Ga. at 565. Although Rose contends that the issue of whether HFC violated OCGA § 7-4-17 was never tried or heard in this previously-adjudicated action, Rose's contention is belied by the record. Notably, in their answer to HFC's complaint, the Roses asserted as an affirmative defense that HFC's calculation of interest on the subject loan was "usurious or based on a rate that was greater than allowed by law." One of the specific grounds upon which HFC moved for summary judgment was that there was no genuine issue of material fact as to the Roses' affirmative defense of usury. In their opposition to HFC's motion for summary judgment, the Roses asserted that HFC's "methods of calculating interest resulted in [the Roses] being charged interest on interest for an unsecured account – a direct violation of OCGA § 7-4-17." By subsequently finding that there were no genuine issues of material fact with respect to HFC's claims or the Roses' affirmative defenses, including that of usury, the trial court's grant of summary judgment was an adjudication on the merits of those claims and defenses. See *Roth v. Gulf Atlantic Media of Ga.*, 244 Ga. App. 677, 679 (1) (536 SE2d 577) (2000) ("When a grant of summary judgment in a prior suit is relied upon to support a plea of res judicata in a subsequent suit, the basis of the

_____

[2] There is no dispute that the trial court was a court of competent jurisdiction.

5

prior summary judgment must be examined. If that summary judgment actually adjudicated the merits, the plea of res judicata must be sustained; but if the summary judgment did not adjudicate the merits, then the res judicata plea should be denied.") (footnotes omitted).

In Rose's instant action against HFC, Rose asserts his same claims of improper interest calculations or usury with respect to the subject loan. As in his answer and summary judgment response in the previously-adjudicated action, Rose's instant complaint again alleges that HFC's "methods of calculating interest resulted in [Rose] being charged interest-on-interest for an account not secured by real estate – in violation of OCGA § 7-4-17," and that HFC's "calculation of interest [was] by default usurious or based on a rate that is greater than allowed by law." As these same matters were already litigated between the same parties in an action previously adjudicated on the merits by a court of competent jurisdiction, the doctrine of res judicata barred Rose's instant action against HFC.

2. Rose further contends that res judicata cannot bar the instant action because the trial court based its ruling on a prior void judgment. Rose argues that the trial court's prior judgment was void because the trial court failed to conduct an evidentiary hearing before ruling on HFC's motion for summary

6

judgment. Rose's argument, however, is an impermissible collateral attack on the trial court's prior summary judgment order.

OCGA § 9-11-60 (a) provides that "[a] judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods prescribed in this Code section."

> The Supreme Court of Georgia has defined the term "void on its face," as used in this subsection to mean those judgments which lack either personal or subject matter jurisdiction. Therefore, collateral attacks on judgments are limited to circumstances where the trial court lacks either subject matter or personal jurisdiction.

(Citations and punctuation omitted.) *Walker v. Blackwell*, 259 Ga. App. 324 (577 SE2d 24) (2003); see also *Lawing v. Erwin*, 251 Ga. 134, 135 (303 SE2d 444) (1983) ("[I]t was error to entertain [a] collateral attack on an unrelated judgment not void on its face[.]") (punctuation omitted). Here, there is no contention that the trial court lacked jurisdiction over the subject matter or over the Roses in the previously-adjudicated action. Rather, Rose challenges the trial court's prior judgment on the ground that the trial court failed to hold an evidentiary hearing before ruling on the merits of HFC's motion for summary judgment. While Rose characterizes the

judgment as "void," he is actually asserting the invalidity of the judgment on the basis of an allegedly erroneous ruling, i.e., one made without a hearing.[3] Cf. *Butler v. Home Furnishing Co.*, 163 Ga. App. 825 (296 SE2d 121) (1982).

> There is a distinction between "void" and "erroneous," as used with reference to acts from a judicial body, the general rule being that, where the body has jurisdiction of the subject-matter and of the person affected, its judgment in the case will not be void, though it may be erroneous. If the judgment is merely erroneous, it can be attacked, and the error corrected only by appeal or by a direct proceeding to set it aside, while, if it be absolutely void, it is a nullity from the beginning, and may be treated as such without further proceedings to have such nullity judicially declared.

(Citation and punctuation omitted.) Id. at 825-826. As the trial court's prior summary judgment order was not void on its face, the only manner in which Rose could have attacked it was through a direct proceeding brought in the trial court that entered the judgment pursuant to OCGA § 9-11-60.[4] See *Walker*, supra, 259 Ga. App. at 324-325.

---

[3] We nevertheless note that under Uniform Superior Court Rule 6.3, a trial court may decide a motion for summary judgment without an oral hearing in the absence of a written request for one by either party. See *Southern Intl. Pictures v. Friedman*, 201 Ga. App. 87, 87-88 (1) (410 SE2d 51) (1991). Rose does not allege, nor does the record reflect, that any such request was made in this case.

[4] And as previously noted, Rose did in fact file a motion to vacate and set aside the trial court's prior summary judgment order. However, the trial court denied

Accordingly, Rose cannot now collaterally attack the trial court's prior summary judgment order through the filing of a subsequent lawsuit, and it follows that the doctrine of res judicata precludes Rose's instant action against HFC. Cf. *Butler*, supra, 163 Ga. App. at 826. Therefore, the trial court properly granted summary judgment to HFC on the ground of res judicata.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*

---

Rose's motion, and this Court denied Rose's application for discretionary review of the trial court's ruling.