# Court of Appeals
# of the State of Georgia

ATLANTA,___June 29, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15D0442. MAXINE FERGUSON v. FIRST HORIZON HOME LOAN et al.

This is the third time this case has been before this Court. It began in October 2008, when Maxine Ferguson filed a wrongful foreclosure action against First Horizon Home Loan ("First Horizon") in superior court, and First Horizon filed a dispossessory action in state court. The actions were consolidated in superior court. In 2009, the trial court dismissed the wrongful foreclosure case and issued a writ of possession.

Since 2009, Ferguson has filed numerous motions to set aside in the trial court, which the trial court denied.[1] In January 2015, Ferguson filed yet another motion to set aside, this time arguing that the dispossessory action was never properly consolidated with the wrongful foreclosure action in superior court and, thus, that court lacked jurisdiction to issue a writ of possession. The trial court denied the motion on March 11, 2015, and Ferguson filed her application for discretionary appeal on April 13, 2015.[2] We lack jurisdiction.

First, this application is untimely. Although applications for discretionary

---

[1] Ferguson appealed two of those orders. In Case Number A12A0595, we dismissed the direct appeal on jurisdictional grounds based upon Ferguson's failure to include a copy of the motion to set aside in the record transmitted to this Court. See A12A0595, dismissed Nov. 28, 2011. In Case Number A14A0228, we affirmed the trial court's ruling under Court of Appeals Rule 36. See A14A0228, affirmed May 18, 2014.

[2] Ferguson filed her application in the Supreme Court, which transferred the matter to this Court.

appeal generally may be filed within thirty days of entry of the order sought to be appealed, appeals from judgments in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). Ferguson, however, filed this discretionary application 33 days after the superior court's order was entered.

Second, Ferguson has already had two appeals from orders denying motions to set aside in this case. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our rulings in the prior appeals are res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Although Ferguson purports to raise a new issue in this motion, "[t]he doctrine of res judicata prevents re-litigation of matters that were *or could have been* litigated in a previously-adjudicated action." *Rose v. Household Finance Corp. II*, 316 Ga. App. 282, 283 (1) (728 SE2d 879) (2012) (punctuation omitted; emphasis supplied). Accordingly, this application is barred by res judicata.

For these reasons, we lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____06/29/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*